## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KONICA MINOLTA PHOTO IMAGING, INC.
1 Sakura-machi, Hino-shi
Tokyo 191-8511, Japan,

          Plaintiff,

v.

PAPST LICENSING GmbH & Co., KG
Bahnhofstrasse 33
78112 St. Georgen, Germany,

          Defendant.

Civil Action No.

*DEMAND FOR JURY TRIAL*

## COMPLAINT FOR DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF PATENTS

      Plaintiff Konica Minolta Photo Imaging, Inc. ("KMPI") brings this action against Papst Licensing GmbH & Co., KG ("Papst Licensing") for a declaration of non-infringement by the digital camera products formerly sold by KMPI and a declaration of invalidity and unenforceability with respect to two patents purportedly owned by Papst Licensing.

### Parties

      1.    Plaintiff KMPI is a Japanese corporation with its principal place of business at 1 Sakura-machi, Hino-shi, Tokyo 191-8511, Japan.

      2.    Prior to April 1, 2006, KMPI was in the business of manufacturing and selling digital cameras. As of March 31, 2006, KMPI ceased manufacturing and sales of digital cameras.

      3.    Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

4.      Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and enforce intellectual property rights.

### Patents in Suit

5.      Papst Licensing has held itself out as the owner of United States Patent No. 6,470,399 B1 ("the '399 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on October 22, 2002.

6.      Papst Licensing has also held itself out as the owner of United States Patent No. 6,895,449 B2 ("the '449 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

7.      Papst Licensing has been active in prosecuting continuations and divisional applications of the '399 and '449 patents (collectively, the "patents-in-suit"), including pending application No. 11/078,778.

### Factual Allegations

8.      Papst Licensing has represented that Konica Minolta, along with dozens of other companies, must either license the patents in suit or be faced with costly litigation and massive injury to business and reputation.  KMPI is the Konica Minolta corporate entity that manufactured and sold digital cameras prior to April 1, 2006.  Papst Licensing has threatened litigation without conducting an appropriate analysis of the KMPI digital camera products it has accused of infringement.

2

9.    Papst Licensing has specifically accused KMPI products of infringing the '399 patent and the '449 patent. For example, in a letter dated March 31, 2006 Papst Licensing accused KMPI digital cameras of infringing both of the patents-in-suit. Papst Licensing has repeated its accusations of infringement on numerous occasions since that time, specifically accusing certain KMPI products of infringement, including the Dynax 5D and DiMAGE X31 digital cameras.

10.    Papst Licensing has failed and refused to provide KMPI with a sufficient explanation of its claim interpretation and infringement contentions, despite repeated requests by KMPI.

11.    By letter dated April 18, 2006, KMPI informed Papst Licensing that KMPI has ceased its digital camera business.

12.    Notwithstanding that KMPI is no longer in the digital camera business and that Papst Licensing has yet adequately to explain why it believes KMPI digital cameras infringe the '399 and '449 patents, Papst Licensing has continued to demand that KMPI pay Papst Licensing royalties for use of the '399 and '449 patents.

13.    Papst Licensing filed an action in the United States District Court for the Northern District of Illinois, Case No. 08-CV-3606, on June 24, 2008 accusing two affiliates of KMPI, Konica Minolta Holdings, Inc. and Konica Minolta Business Solutions, U.S.A., Inc., of infringing the '399 and '449 patents by the alleged manufacture, use, or sale of digital cameras in the United States or alleged importation of digital cameras into the United States.

14.    Konica Minolta Business Solutions, U.S.A., Inc., is not now, nor has it ever been, involved in the digital camera business.

15.    Konica Minolta Holdings, Inc. is a holding company. It has never itself been involved in the digital camera business.

16.    KMPI is the proper party to litigate this dispute with Papst Licensing.

## Jurisdiction and Venue

17.    This action arises under the Declaratory Judgment Act and the patent laws of the United States.  *See* 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

18.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

19.    Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

20.    Litigation involving the patents-in-suit has been consolidated for pretrial coordination in a Multi-District Litigation ("MDL") proceeding in the United States District Court for the District of Columbia.  In 2006, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are invalid.  That action is styled *Casio v. Papst Licensing*, Case No. 1:06-cv-01751-GK and is part of MDL Docket No. 1880 in this district.  In addition, Fujifilm Corporation and Fujifilm U.S.A., Inc. filed an action against Papst Licensing in this Court seeking a declaratory judgment that the '399 and '449 patents are not infringed by Fujifilm products and are invalid and unenforceable.  That action is styled *Fujifilm v. Papst Licensing*, Case No. 1:07-cv-01118-RMC and is also part of MDL Docket No. 1880.  Numerous other related actions have been filed in and/or consolidated for pretrial purposes in this Court.  Other camera manufacturers that have been accused by Papst of infringing the '399 and '449 patents and that are part of proceedings before this Court include Matsushita, JVC, Olympus, Hewlett-Packard, Richo, Nikon, Kodak, Canon, Sanyo, and Samsung.

21.    Papst Licensing has participated in the actions pending in this forum identified in paragraph 20 by, among other things, answering, filing counterclaims, and participating in discovery and other pretrial proceedings.

22.    This Court has personal jurisdiction over Papst Licensing based, among other things, on its activities in this District, including its filing of affirmative claims and requests for relief in this Court.  Papst Licensing's business is to generate revenue by obtaining and enforcing patents.  Consistent with this business model, Papst Licensing has purportedly obtained the '399 and '449 patents, and is presently attempting to enforce these same patents in this forum against the parties identified in paragraph 20.

23.    An actual and justiciable controversy exists between KMPI, on the one hand, and Papst Licensing on the other, as to the infringement, validity, and enforceability of the patents in suit.

### Count I
**(Declaratory Judgment of non-infringement and invalidity of the '399 patent)**

24.    KMPI re-alleges and incorporates by reference its allegations in paragraphs 1 through 23 above as if fully set forth herein.

25.    KMPI has not directly infringed, contributed to the infringement of, or induced infringement of any valid claim of the '399 patent, nor is KMPI, either literally or under the doctrine of equivalents, directly infringing, contributing to the direct infringement of, or inducing infringement of any valid claim of the '399 patent.

26.    The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

27.    An actual and justiciable controversy exists between KMPI and Papst Licensing regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst Licensing that KMPI and/or its customers are or have been infringing the '399 patent.

28.    This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling KMPI to an award of its attorneys' fees.

## Count II
### (Declaratory Judgment of non-infringement and invalidity of the '449 patent)

29.     KMPI re-alleges and incorporates by reference its allegations in paragraphs 1 through 28 above as if fully set forth herein.

30.     KMPI has not directly infringed, contributed to the infringement of, or induced infringement of any valid claim of the '449 patent, nor is KMPI, either literally or under the doctrine of equivalents, directly infringing, contributing to the direct infringement of, or inducing infringement of any valid claim of the '449 patent.

31.     The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

32.     An actual and justiciable controversy exists between KMPI and Papst Licensing regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that KMPI and/or its customers are or have been infringing the '449 patent.

33.     This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling KMPI to an award of its attorneys' fees.

## Count III
### (Declaratory Judgment of unenforceability of '399 and '449 patents)

34.     KMPI re-alleges and incorporates by reference its allegations in paragraphs 1 through 33 above as if fully set forth herein.

35.     Papst contends that the '399 and '449 patents are enforceable.

36.     KMPI denies Papst's contention and alleges that the '399 and '449 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.

37.    In or about 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

38.    On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. *See* Thesis at 87. Mr. Tasler, as the author of the Thesis, was aware of the publication and cataloguing of the Thesis.

39.    The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

40.    The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis at 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (Thesis at 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis at 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis at 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (Thesis at 18), a first connecting device for interfacing with the PC through the standard printer port (Thesis at 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (Thesis at 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (Thesis at 19-20) and includes software that communicates with the PC via the standard printer port (Thesis at 30-31).

41.    Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware or should have been aware of the Thesis and its contents during the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office.

42.    During the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

43.    On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

44.    An actual controversy thus exists between KMPI and Papst as to whether the '399 and '449 patents are enforceable.

45.    Accordingly, KMPI seeks and is entitled to a judgment against Papst that the '399 and '449 patents are unenforceable.

46.    KMPI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents in suit that may issue after the date this Complaint is filed.

## Prayer for relief

WHEREFORE, Plaintiff KMPI prays this Court for the following relief:

1.    A declaration that KMPI has not infringed, and is not infringing, the '399 or '449 patents;

2.    A declaration that KMPI has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents in suit that may hereafter issue;

3.    A declaration that each of the claims of the '399 and '449 patents are invalid;

8

4.      A declaration that the '399 and '449 patents are unenforceable;

5.      An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by KMPI;

6.      An award of damages that KMPI has sustained;

7.      A declaration that this case is exceptional under 35 U.S.C. § 285, due to, *inter alia*, Papst Licensing's conduct and actions;

8.      An award of reasonable attorney fees and costs incurred by KMPI in connection with this action; and

9.      Such and other further relief as the Court deems just and proper.

## Jury Demand

Plaintiff KMPI demands a jury trial on all issues so triable.

Dated: August 18, 2008

Orrick, Herrington & Sutcliffe LLP

Steven J. Routh (#376068)
Sten Jensen  (#443300)
T. Vann Pearce, Jr. (#978216)
Columbia Center
1152 15th Street N.W.
Washington, DC 20005
Telephone: (202) 339-8400
Telecopier: (202) 339-8500
E-Mail: srouth@orrick.com
sjensen@orrick.com
vpearce@orrick.com

ATTORNEYS OF RECORD FOR PLAINTIFF
KONICA MINOLTA PHOTO IMAGING,
INC.

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Konica-Minolta Photo Imaging, Inc.

**DEFENDANTS**

Papst Licensing GmbH & Co., KG

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___99999___
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Orrick, Herrington & Sutcliffe LLP
1152 15th Street N.W.
Washington, D.C. 20005

ATTORNEYS (IF KNOWN)

Stein Mitchell & Mezines, LLP
1100 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff))
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Declaratory judgment of non-infringement, invalidity, and unenforceability of patents under 35 U.S.C. Sec. 100 et seq. and 28 U.S.C. Sec. 2201 and 2202

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in compla
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE *8/18/08*   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.